# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DWIGHT W. KNOWLES,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Civil Action No. 19-0850 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The plaintiff alleges that the defendants falsified affidavits, produced fabricated records, and presented false evidence to a federal grand jury, thereby causing the plaintiff's extradition to the United States, prosecution, conviction, and current incarceration. Arguing that the defendants' alleged misdeeds have resulted in the deprivation of his liberty, the plaintiff demands damages totaling billions of dollars.

The Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for

damages fails. *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*, No. 07-1172, 2008 WL 2202219 (D.D.C. May 27, 2008).

The Court will dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order is issued separately.

DATE: April 16, 2019

United States District Judge